**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No:**

MARIA DEL CARMEN TENT

    Plaintiff,

v.

MEXICAN GASTRONOMY INTERNATIONAL, LLC.,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, MARIA DEL CARMEN TENT (hereafter "Plaintiff"), by and through the undersigned counsel, hereby files this Amended Complaint and sues Defendant, MEXICAN GASTRONOMY INTERNATIONAL, LLC, (hereafter "Defendant"), and in support avers as follows:

### JURISDICTION, PARTIES AND VENUE

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding the jurisdictional limits of this Court excluding attorney's fees or costs for damages pursuant to 28 U.S.C. Sections 1331 and 1343, in as much as the matter in controversy is brought pursuant to Title VII of the Civil Rights Act of 1964, and 42 U.S.C. Sections 2000e et seq. Plaintiff by the Defendant for discriminatory treatment on the basis of gender, age, and sexual harassment found on Plaintiff's complaint of discrimination in the workplace.

2. Plaintiff is a resident of Miami-Dade, Florida and Defendant is situated in Miami-Dade, Florida, within the jurisdiction of this Honorable Court.

3. Defendant is a Florida Corporation doing business Miami-Dade County, Florida.

4. Defendant is a "person" and/or an "employer" pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq., since it employs fifteen or more employees for the applicable statutory period; and it is subject to the employment discrimination provisions of the applicable statute.

5. Plaintiff is an "employee" within the meaning of the ADEA.

6. Defendant is an "employer" within the meaning of the ADEA.

7. Defendant is a "person" within the purview of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

8. At all times material hereto Defendant is an "employer" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

9. At all times hereto, Plaintiff was an "employee" within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sections 2000e et seq.

10. Plaintiff is a female former employee of the Defendant, who is a member of a class of persons protected from discrimination in her employment.

11. Plaintiff previously filed a timely charge of employment discrimination with the Equal Employment Opportunity Commission and the Florida Commission on Human Relations, the agencies which are responsible for investigating claims of employment discrimination.

12. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS

13. Plaintiff is a female, 56-year-old person.

14. Plaintiff began working with Defendant as a cleaner. Plaintiff's duties were of maintaining general maintenance and cleanliness of the restaurant.

15. On August 16, 2020, while finishing to use the bathroom in private and pulling up her underwear and pants, co-worker, Annabella Adaro, a bartender, took a hidden video of the Plaintiff during this intimate situation.

16. Plaintiff was not aware that such a video was taken until she received a text message from Annabella Adaro with the video and an adjoining message that stated "Please, next time wear a thong."

17. After being made aware of the video that was taken in secret through the message she received, a co-worker approached the Plaintiff to inform her that the video was circulated to all the employees of the company, and that everyone was laughing at her.

18. As Plaintiff navigated through the restaurant pass fellow employees of the company, they began to start laughing and whispered between themselves about Plaintiff in a derogatory and harassing way. One bartender confronted Plaintiff to inform her that she had seen all of her butt in the video, and express satisfaction which caused Plaintiff to break down and begin crying.

19. Plaintiff felt extremely embarrassed and was shocked to believe that such a video could have been taken of her without permission, and for everyone to have been able to see her naked made her physically ill of the circumstances.

20. As result of receiving the highly intimate video and adjoining message, alongside all her co-workers' reactions; Plaintiff reported this incident to her managers Jack Romano, who oversees Defendant's management and Bettina De Andrea, who is Plaintiff's direct supervisor and general manager.

21. When Plaintiff informed Mrs. Bettina De Andrea of the incident, Plaintiff became shocked due to Mrs. Bettina De Andrea words and actions as she threatened the Plaintiff by telling

her if she said something to anyone about the video, then they will fire her, and even issued a written warning for "disruptive behavior" at work and did not take any corrective disciplinary action to address Plaintiff's claim.

22. Plaintiff at this time also realized that Defendant was systematically firing all older employees and replacing them with younger employees. Plaintiff, being in her mid-50's during the time of the sexual harassment, had overwhelming fear that any further protest on her behalf will result in giving Defendant a pretextual reason to terminate her, and accomplish their goals of replacing all the older employees with younger employees. Plaintiff felt completely defenseless in her workplace situation, having no one to turn to.

23. On a consistent and continuous basis after the day the video was shared to all employees, Plaintiff continued to experience sexual harassment and humiliation from all co-workers as results of the content of the video. Again, no action was ever taken by Defendant to correct the sexual harassment that Plaintiff suffered or continued to suffer at the hands of all employees

24. As part of the aftermath of the situation that occurred in regard to the video, Plaintiff learned that Defendant wanted her to resign,

25. On or around April 27, 2021, Plaintiff spoke with Defendant's general manager. In their conversation, Defendant's general manager offered Plaintiff $3,000.00 dollars in exchange in keeping her mistreatment a secret, or as referred by Defendant's general manager, "lowkey."

26. Plaintiff, offended by the mere offer, rejected Defendant's general manger proposal, which angered him. Defendant's general manger asked Plaintiff if all "[she] was looking for money," and then offered $20,000.00 dollars. Again, Plaintiff refused such proposal.

27. The situation brought by Defendant's general manager in his attempts to silence and buy out the Plaintiff, as well as all the harassing behaviors, caused her to suffer severe psychiatric damages, and resulted in Plaintiff having to leave her employment for those medical reasons in order to undergo medical treatment for her physical and mental illnesses. As result, Plaintiff was constructively discharged on May 12, 2021.

28. As a result of Defendant's discriminatory treatment of the Plaintiff based on sexual harassment and her age, the Plaintiff has suffered damages and was forced to retain undersigned counsel.

## COUNT I
## SEXUAL HARASSMENT UNDER TITLE VII

29. Plaintiff reasserts her allegations in paragraph 1-28 as fully set forth herein.

30. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

    "(1) It shall be an unlawful employment practice for an employer:

    (a) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

31. As part of its prohibitions, Title VII prohibits sexual harassment.

32. To make out a prima facie claim of sex discrimination, a plaintiff must show: (1) she is a member of a protected class; (2) she was qualified to do the job; (3) she was subject to an adverse employment action; and (4) her employer treated similarly situated employees outside of her protect class more favorably.

33. Plaintiff, being a female, is a member of a protected class.

34. Plaintiff was more than qualified to do her job with Defendant.

35. Plaintiff suffered an adverse employment actions throughout her time with Defendant and Defendant treated similarly situated employees outside of her protected class more favorably, particularly male employees who were not subject to sexual harassment.

36. The conduct to which Plaintiff was subjected was severe, pervasive, physically threatening, humiliating, and unreasonably interfered with Plaintiff's work performance violation of Title VII.

37. The sexually harassing conduct to which Plaintiff was subjected was perpetrated against as a result of her sex (female) and constituted actionable sexual harassment.

38. Defendant's alleged basis for its adverse conduct against Plaintiff are pre-textual and asserted only to cover up the harassing and discriminatory nature of its conduct.

39. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff.

40. As a result of the sexually harassing conduct to which the Plaintiff was subjected and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff according demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

41. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

42. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and cost as a result of Defendant's conduct in violation of Title VII.

## COUNT II
## SEX/GENDER DISCRIMINATION UNDER TITLE VII

43. Plaintiff reasserts her allegations in paragraph 1-28 as fully set forth herein.

44. Section 2000e-2 of Title VII of the Civil Rights Act of 1964 states in relevant part:

   "(1) It shall be an unlawful employment practice for an employer:

   (b) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, national origin."

45. Title VII accordingly prohibits discrimination based on sex.

46. To state a claim for hostile work environment based on sex, a plaintiff must plausibly allege, among other things, that was "subject[ed] to unwelcome sexual harassment," the "harassment was sufficiently severe or pervasive to alter the terms and conditions of [her] employment," and there is a "a basis for holding the employer liable."

47. Plaintiff was subject to unwelcomed sexual harassment, and it severed her terms and conditions of her employment.

48. The treatment to which Plaintiff was subjected by Defendant as set forth above and incorporated herein, was the result of Plaintiff's sex/gender, which male individuals were not and would not have been subjected, in violation of Title VII.

49. Defendant's alleged basis for its adverse conduct against the Plaintiff are pre-textual and asserted only to cover up the discriminatory nature of its conduct.

50. Even if Defendant could assert legitimate reasons for its adverse actions against Plaintiff, which reasons it does not have, Defendant's sexually harassing conduct toward Plaintiff, and the aforementioned sexual comments/conduct and advances were also motivating factors for Defendant's adverse conduct toward Plaintiff,

51. As a result of the sexually harassing conduct to which the Plaintiff was subject and the adverse employment actions suffered by Plaintiff related thereto, Plaintiff has experienced and will continue to experience significant financial and economic loss in the form of lost wages and lost benefits. Plaintiff has also experienced and will continue to experience emotional anguish, pain and suffering and loss of dignity damages. Plaintiff accordingly demands lost economic damages in the form of back-pay and front-pay, interest, lost benefits, and compensatory damages.

52. Plaintiff also requests punitive damages based on Defendant's intentional, willful, wanton and malicious conduct.

53. Plaintiff further seeks her attorney's fees and cost as permitted by law.

WHEREFORE, Plaintiff respectfully requests for the entry of a judgment against Defendant and an award of economic damages in the form of back-pay and front-pay, lost wages, interest, lost benefits, as well as compensatory damages, punitive damages and attorney's fees and costs as a result of Defendant's conduct in violation of Title VII.

## COUNT III
## AGE DISCRIMINATION IN VIOLATION OF THE ADEA

54. Plaintiff re-adopts each and every factual allegation stated in paragraphs 1-28 above as is set out in full herein.

55. Plaintiff is in the protected age category under the ADEA.

56. By the conduct described above, Defendant engaged in discrimination against Plaintiff because of Plaintiff's age and subjected the Plaintiff to age-based animosity.

57. Such discrimination was based upon the Plaintiff's age in that the Plaintiff would not have been the object of discrimination but for the fact of her age.

58. Defendant's conduct complaint of herein was willful and in disregard of Plaintiff's protected rights. Defendant and its supervisory personnel were aware that discrimination on the basis of the Plaintiff's age was unlawful but acted in reckless disregard of the law.

59. At all times material hereto, the employees exhibiting discriminatory conduct towards the Plaintiff possessed the authority to affect the terms, conditions, and privileges of Plaintiff's employment with the Defendant.

60. Defendant retained the new and younger employees and did so despite the knowledge of engaging in discriminatory actions.

61. As a result of Defendant's actions, as alleged herein, Plaintiff has been deprived of rights, has been exposed to ridicule and embarrassment, and has suffered emotional distress and damages.

62. The conduct of Defendant, by and through the conduct of its agents, employees, and/or representatives, and the Defendant's failure to make prompt remedial action to prevent continued discrimination against the Plaintiff, deprived the Plaintiff of statutory rights under federal law.

63. The actions of the Defendant and/or its agents were willful, wanton, and intentional, and with malice or reckless indifference to the Plaintiff's statutorily protected rights, thus entitling Plaintiff to damages in the form of compensatory and punitive damages pursuant

to federal law, to punish the Defendant for its actions and to deter it, and others, from such action in the future.

64. The ADEA prohibits, 29 U.S.C. Sec. 623, et seq. prohibits employers from "refusing to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. Sec. 623.

65. Plaintiff was fully qualified to be employed by Defendant and could perform all essential functions of the position held with Defendant.

66. Defendant is a covered employer to which the ADEA applies.

67. As a result of Defendant's actions, Plaintiff suffered and will continue to suffer both economic and non-economic harm.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree the Defendant has violated the ADEA, and has willfully, intentionally, and with reckless disregard for Plaintiff's rights.

b. Enter a judgment requiring that Defendant pay Plaintiff appropriate back pay, benefits' adjustment, and prejudgment interest at amounts to be proved at trial for the unlawful employment practices described herein;

d. Award Plaintiff the costs of this action, together with reasonable attorney's fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury

                                                    Respectfully submitted
By: /s/: *Elvis J. Adan*
Elvis J. Adan, Esq.
Fla. Bar No.: 24223

GALLARDO LAWOFFICE, P.A.
8492 SW 8th Street
Miami, Florida 33144
Telephone: (305) 261-7000
Facsimile: (305) 261-0088